**CONNORS STEEL COMPANY, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 80-3-00478.**

United States Court of International Trade.

April 2, 1982.

WATSON, Judge:

Defendant has moved for a rehearing and modification of this Court's opinion in 527 F.Supp. 350.[1] That opinion was entered in an action for judicial review under Section 516(d) of the Tariff Act of 1930, as amended by Trade Act of 1974 (19 U.S.C. § 1516(d)), of an administrative decision which terminated a dumping investigation by finding that certain Belgian steel beams were *not* being sold here at less than fair value. The Court found that the administrative investigation should have extended into the question of whether the Belgian home market sales (upon which the administrative decision relied) were at prices less than the cost of production. The Court remanded the matter to the Secretary of Commerce to investigate that question.

Defendant now argues that the statute does not require that a cost of production inquiry be commenced in the final three month period of a dumping investigation. It reasons that such an inquiry is a complicated matter, which properly belongs in the first six month phase of the proceeding, because that phase may be extended by three months for complicated matters under Section 201(b)(3) of Antidumping Act of 1921, as amended by the Trade Act of 1974 (19 U.S.C. § 160(b)(3)), because the final three month period is needed for a possible hearing prior to the final determination and also for the preparation of the supporting findings and reasoning, which must accompany the publication of the final determination. Although these facts may make the initial period more amenable to the making of a cost of production inquiry, they do not establish a *restriction* of said inquiry to that period. This is reasoning based on the greater administrative convenience of one period rather than another and is not as significant as the specific statutory man-

1. An amicus brief, in support of defendant's motion has been filed by Cockerill-Sambre, S.A. and Cockerill-Stinnes Steel Corporation, who are respectively the manufacturer and importer of the steel beams involved in this action.

date contained in Section 205(b) of the Antidumping Act of 1921, as amended by the Trade Act of 1974 (19 U.S.C. § 164(b)) that a cost of production investigation had to be made "whenever" the Secretary had reason to believe or suspect that sales in the home market had been made at less than cost of production. This investigatory obligation applies to the entire period of investigation, which includes the final three month term, and should not be diminished without an explicit expression of legislative intention.

Although the Court finds no statutory bar to requiring the commencement of a cost of production inquiry in the final three month segment of the investigation, it does find merit in defendant's alternative argument that it should have a chance to explain the finding that in the administrative decision that "other information presented by Counsel for petitioner relevant to the cost of production of certain steel I-beams from Belgium, was presented too late to be considered." Upon further reflection, the Court believes it acted precipitously when, in conjunction with finding the explanation inadequate, it immediately concluded that sufficient time remained to make the investigation. The correct and more deliberate judicial policy in this matter would be to allow the administrative agency an opportunity to explain its reasons for concluding that time did not permit an inquiry into the question of cost of production, and for the Court to then review that explanation in light of the appropriate standard of review. *SCM Corp. v. United States,* 84 Cust.Ct. 227, C.R.D. 80–2, 487 F.Supp. 96 (1980).

It is true that it would have been possible for defendant to have addressed this matter in the initial judicial review and that might have led the Court to resolve the question at that time. Nevertheless, this motion is an appropriate vehicle in which to modify the earlier opinion. Accordingly, the terms of the remand are hereby modified to delete the requirement of a cost of production investigation and instead, the Secretary of Commerce is ordered to submit to the Court within sixty (60) days of the date of entry of this Order, a statement of the reasons for the conclusion in the original administrative determination that other information relevant to the cost of production was presented "too late to be considered."